No. 38,088

WILLIAM L. WHITE, *Appellant,* v. PAUL LARKIN: W. V. COVERT:
PAUL LARKIN and W. V. COVERT, doing business as COVERT & LAR-
KIN, a Partnership; J. F. PATTERSON, and HARTFORD ACCIDENT &
INDEMNITY COMPANY, a Corporation, *Appellees.*

(224 P. 2d 668)

Opinion filed December 9, 1950.

*W. H. Coutts, Jr.,* was on the briefs for the appellant.

*J. B. McKay, James B. McKay, Jr.,* and *Gale Moss,* all of El Dorado, and
*Harry O. Janicke* and *John A. Herlocker,* both of Winfield, were on the briefs
for the appellees.

The opinion of the court was delivered by

HARVEY, C. J.: This was an action for damages for personal in-
juries sustained by plaintiff when he was riding as a passenger on a
bus owned by the defendants, Covert and Larkin, and operated by
Patterson, their servant, agent and employee, in which plaintiff
sought to recover both actual and punitive damages. The appeal is
from an order of the court sustaining defendant's demurrer to that
portion of the second amended petition which attempted to state a
cause of action for punitive damages. The sole question is whether
the second amended petition stated a cause of action for punitive
damages.

While the second amended petition is lengthy, covering eleven
pages of the printed abstract, for our purposes it may be stated
briefly as follows: The defendants, Covert and Larkin, partners,
were the owners of a bus operated by their driver Patterson, engaged
in transporting persons living in the vicinity of El Dorado to their
work at the Cessna airplant in Wichita, a distance of perhaps thirty-
five miles. On the date in question plaintiff purchased a ticket and
boarded the bus in El Dorado and became a passenger for hire.
After the bus had proceeded about fifteen miles on an improved

highway with a black top surface, at a speed of about forty miles per hour, the tie rod between the two front wheels of the bus became disengaged and the bus became difficult to manage. The driver stopped the bus, got out and crawled in under and attempted to fix it. He got back in the bus and proceeded for about five and one-half miles when the tie rod became disengaged again and the bus became difficult to handle. It veered to the side of the road and turned over in a ditch. Plaintiff sustained serious personal injuries from which it is alleged he suffered actual damages in the sum of $74,076.63 and punitive damages in the sum of $25,000. The first petition filed had been attacked by motion to make definite and certain and to strike, which had been sustained in part, and an amended petition had been filed. This was attacked by a motion to strike from the files, or in the alternative to make definite and certain and to strike. It was stricken from the files and by leave of court the second amended petition was filed. In this the facts were stated in much detail and with condemnatory adjectives and phrases, which added little if anything to the pertinent facts, and did include allegations and a prayer for punitive damages.

While the petition contains fourteen grounds of negligence, the principal ground of complaint is that the driver of the bus was negligent in not properly repairing the tie rod when it was first found to be out of repair.

We have examined the petition carefully and find nothing substantial therein which would authorize or justify an award of punitive damages.

The judgment of the trial court is affirmed.